I guess your hopes you were going to get out of here early were dashed. Walter Fisher on behalf of the Appellant Trustees of the Detroit Carpenter Fringe Benefit Funds. I'd ask the court for five minutes for rebuttal. Okay. We're here today seeking to overturn the District Court's 12B6 dismissal of our various claims against signatory contractor Patrie Construction, its alter ego, Francesca Woodwork, and its owner, Andrea Birch. The funds filed three different types of claims. The first was an alter ego claim against Patrie and Francesco Construction. The second was a series of non-alter ego claims seeking the production of the signatory contractor's records for audit. And upon completion of an audit to determine whether or not the signatory contractor had properly paid its fringe benefit obligations for damages for any unpaid fringe benefits. What happened on the audit? You wanted to audit their books and you say that they wouldn't allow an audit, although you say that the agreement provided for an audit. Correct, Your Honor. Explain that a little bit. How did that happen? Well, we filed, we sent a demand letter to the defendants asking for the books and records for audit because they're required under the Collective Bargaining Agreement and they're required by ERISA to provide the funds with their books and records to determine whether or not the benefits they've been paying to the funds are accurate. And the only way the funds can determine that is by audit. So we typically audit each. The agreement provides for an audit. Yes. Explicitly. Explicitly. And ERISA specifically requires them to produce their books and records to the funds, which are third-party beneficiaries to the Collective Bargaining Agreement. What reason did they give for not permitting that? Well, we also sought the books and records of their alter ego, Francisco, construction. And so they refused to produce those records in their entirety and refused to produce. And so we obtained some of the records of Petrie in discovery and never received any of the Francisco records. And the case was dismissed before any audit was ever conducted. When you say you couldn't get an audit, do you mean that you couldn't get an audit of the alter ego company that you're claiming or that you couldn't get an audit? Either. You couldn't get an audit of the other company. We sent out an audit demand, and they refused to produce. I believe they may have produced some records, but they didn't produce all of the records. And then we sought discovery. We received discovery from Petrie. Francisco refused to produce any discovery. And we filed a motion with the court. I'm sorry, they filed the motion seeking not to produce discovery because we didn't have any proper alter ego claims. The magistrate judge determined that we had properly asserted those claims and ordered them to produce their books and records. They didn't. We sought an order from the court to compel. The court entered an order to compel, and they did not respond to that. We filed a show cause order, and then they hired a new attorney who came in and filed the motion to dismiss, the first motion to dismiss. The first motion to dismiss sought to dismiss all the claims based on statute of limitations arguments. The court granted on the statute of limitations allowed us to amend our complaints to put in the times, denied the motion for all the other claims. And so we submitted an amended complaint based solely. We amended it to include the additional time. On your complaint, the court assessed the four corners of the complaint and I suppose found by virtue of the dismissal that you had not met the plausibility standard. You seem to, go ahead. They found that on the alter ego claims, which we dispute, but they did not find that for the other claims for the production of books and records that had no relation to the alter ego facts at all. But your complaint got dismissed in its entirety. In its entirety. So we pled that they were signatory, that we demanded the books and records and then refused to produce the books and records. That had nothing to do with the alter ego claim and that was dismissed along with the alter ego claims. I have something to do with the fact that they are lumped together as one ERISA claim. I mean they may theoretically be two claims, but in the complaint they are together as one count. Not that this would matter in our review, but that may explain why the district court did not identify them as two separate claims. Correct. Perhaps that is what happened. I mean they are both ERISA claims. Right, and they are multiple ERISA claims. One of the reasons for seeking the books and records is we knew that they were subcontracting to non-union companies in violation of the collective bargaining agreement. So we needed the books and records to be able to audit that because contributions were not being paid on that. That was an additional ERISA claim. That was also dismissed. So standing here today, can you tell us what is the relief that you believe you are entitled? What is it that you want? I would like the court to remand the case to the district court. And what instructions, if any, would you like with that remand? To allow us to, well, either we can amend our complaint, although I don't think it is necessary. Certainly the claims should be revived and we should be able to continue our discovery. On all the claims? On all of the claims. Are you entitled to an audit without any showing of any other sort of just audit at will? I mean, for example, is the right to audit dependent on your being able to make a showing with respect to some other claim? No, because it is very easy for a company to not submit payments for benefits for all their employees. Unless we get in and see the books and records, we can't determine whether or not they are making proper contributions to the funds. So is it triggered by an alleged failure to make proper contributions? No, it is not at all. It is just if you have an inquiry as to whether they are, in fact, making proper contributions. For any reason. Right, and we audit contractors even if we believe that they are making proper contributions because we don't know. Right. You are typically permitted to do that. Yes, it is permitted under the collective bargaining agreement and under ERISA. They are required to produce those books and records. Going back to the complaint, you assert basically that the district court should have gone beyond the four corners of the amended complaint and yet on this motion to dismiss, but where the district court considers matters outside of the complaint, that would convert the motion to a motion for summary judgment, and I can't see how that would have advantaged you. This court in the Rendingo case has said that when the court considers other matters, that it converts the 12B6 motion to a motion for summary judgment. How would having the district court go outside of it advantage you and how do you square your position with this court's rule in the Rendingo case? Well, I would say this. The additional facts that we put in in response to the initial motion to dismiss were submitted because it was originally brought as a motion for summary judgment, and that's why those were put in the record, and we had argued to the court we hadn't been able to obtain full discovery, so it was difficult to respond to that, but if you look at the evidence that was presented in the record, it certainly shows that there's factual dispute relating to the alter ego thing, so I think we would survive a summary judgment motion, even if that's what we had faced on the alter ego claim, and I don't think we need those additional factors, the additional evidence to show that we provided the facts necessary for the alter ego claim. Certainly, the non-alter ego claims, I believe there's no issue as to how they were pled. The court only talked about the lack of facts for the alter ego claims, but when we amended our complaint, we stated that Petrie employees were working as employees of Francisco on Petrie jobs, including the White Lake job, which is a specific job at the direction of Petrie, to avoid paying their benefits. On that White Lake project job, what were you able to show about the relationship of the Francisco employees in working on that project? The Francisco employees were non-union employees, and it was a Petrie job, and either they subcontracted the work to a non-union subcontractor, or what we believe from the testimony of an employee, they had their employees go from working union to going to work non-union, and then they no longer received fringe benefits on that job. You say testimony. When we interviewed employees to determine whether or not we had a claim to file a complaint, we were told that that was— Well, that's not testimony. That's information provided to you. You're right. This was something that was in an affidavit. Is that what it is? What is the form of the evidence here? The evidence before the court is my affidavit speaking of that conversation with that employee, an affidavit of a member of the union who spoke to him. In addition— You didn't print out a statement and let the person sign it. It was what he said to you. That's right. In addition, the job records that we submitted and the additional records show that the job was bid both union and non-union by Petrie. They said you can do it for this price union or this price non-union. They started the job non-union, and then they switched it back to non-union, and then they wanted to switch it to union at the end, all times using the same employees from the same two companies. But I believe that the district court, when it dismissed the Alter Ego claim, it was saying specifically, look, we need specific facts relating to the names of the employees and the dates and times of the work performed. I think the standard doesn't require detailed factual allegations. We just have to allege enough to show a facial plausibility, and I believe we've done that in our claims. You're using this White Lake project as an example of what you think did happen and what may have been happening in other situations as well that you can't immediately prove. Is that right? We put some of those facts in the amended complaint. We didn't put all of them in. We didn't think it was necessary. This had twice been before the court on asking it to be dismissed because there weren't sufficient facts, and the only thing the court had ruled was we didn't have sufficient facts relative to the statute of limitations. But the court allowed us to amend the complaint to include those, so we did that. We could have easily amended the complaint and added significant facts. We just didn't think it was necessary. And then you were denied the right to amend. Okay. Anything else? All right. Next is Victor. May it please the Court. I'm Cindy Rhodes-Victor on behalf of Appellees Cross-Appellants. The facts in this case are somewhat different than that that's been described to you by brother counsel. First of all, there was an audit that happened. This company has been in existence since 1968, and as the affidavits that they submitted show, it has been audited, Patrick Construction, by the trust funds every single year. And at no time in any of those years did they ever find any evidence of any alter ego. That was in their affidavits that they never saw anything. Their own business people said, we never saw any evidence. This doesn't relate to the sufficiency of the allegations of the complaint, does it? Well, it relates to saying to the court there was no audit when there was. It's in the docket. The audit request, it was made. Brother counsel started out by saying to Judge Merritt's question there was no audit, but it shows docket number 43-8, page ID number 984, that on December 22, 2011, the funds sent a letter to Patrick requesting an audit, and the audit took place on February 6, 2012. That's in the record, as it had in every other prior year. Now, as to the sufficiency of the evidence, the sufficiency of the allegations, this is not a case where the Rule 12 motion came unaware or this dismissal came unaware. But when we came into the case, we did file a motion to dismiss, coupled with a Rule 56 motion. That was on January 22, 2013. Three days later, brother counsel asked us to dismiss the Rule 56 portion of it because he had not finished discovery. So we did. Three hours later, he filed a motion. He filed an opposition, which contained documents outside of Rule 12, outside of the four corners of the complaint. He asked to have them not considered. The court did what he asked. We moved in our original motion to dismiss, saying that the allegations were not sufficient, that you can't just recite the elements of a cause of action and say, that's my complaint, without tying it into facts. The judge found that of all the things that we said, the one that was most glaring was statute of limitations because the plaintiff had known about the existence of both companies for 20 years. So that was, she said to the court, she dismissed it without prejudice to allow them to amend. But they had our complaint. They had our motion to say to this court, well, we would have done something different if we had known. I've been saying this since January of 2013. Your complaint does not set forth facts to support your alleged cause of action. So they got a chance to amend. This isn't a case where the court shut them off. They got that chance to amend. And all they did is to say, we learned about this in December of 2011, just when the case was, just as our companies were closing. We say that this is done in bad faith because they found out our companies were closing. We told them our companies were closing. Ms. Perchich, who's named, is a widow. Her husband died unexpectedly at a young age. She took over companies, couldn't run them in poor economic conditions and closed it down. She advised the union that they were closing down. This lawsuit happened. Now, after operating in the same way for 20 years and there never being an allegation and their own business managers saying that there wasn't. Now, their only allegation is, well, we found out on the White Lake job that you were running it, union, non-union, union. Their own, that evidence that was submitted the first time around, their documents say that we weren't at the White Lake job. This is very, very important because if you look in the record, at document number 27-34, page ID 534, it's an email transmission dated August 18, 2011. It advises the Casco Company, the principal of the White Lake project, that Patry was withdrawing its bid for the White Lake rehab job because Patry was losing money and could no longer afford to be in business. That's five months before it was supposedly running in alter ego. Francesco is not also a construction company. This is not a double-breasted operation. Francesco does millwork. It produces cabinets. Patry is a construction company. Francesco would produce something like this. So Francesco had a contract to produce cabinets, woodwork, millwork, for the job, and that was terminated in January 2012. Those companies didn't have the same management or interlocking managers? No, no, they were owned. No, they had different people. They were at the same building. They had separate addresses. They maintained separate ledgers. They maintained separate. Everything was separate. They were owned by the same woman? They were just owned by the same person, correct. That's all it was. But this appeal is not about any of this. It's about the sufficiency of what's in the complaint. Right, and what we say is that the sufficiency in the complaint itself was not there, that they had two chances to do this, and they got it wrong both times, that the district court was right in saying that there was the factual allegations to support the allegation of ERISA violation or builder's trust fund allegation wasn't there, that you can't just come in and say, here are the elements. Oh, you're running a double-breasted operation, or you're an alter ego, or you did this. And even if you put in a date, we hear in the briefing to this court, well, we had all this other evidence, and the judge should have gone back to the first time around and looked at the stuff that we told her not to look at because we wanted the Rule 56 part stricken. It's not the district court's job to make out their case. Why didn't they attach that to the complaint? If it were indeed true, why didn't that come up? This all comes up, the affidavits and the identity of the name of this person, don't even come up until my motion for attorney's fees. None of that was made part of the complaint despite being put on notice in January of 2013 that I was challenging the sufficiency. When they amended in July of 2013, they don't put any of it in. They don't fix the mistakes that were identified by the motion. So I brought the motion and said it's still not stating a cause of action. And the district court agreed. I just want to make sure I don't run out of time. This is not a case where if there was, like I said, the procedural history, which is not in Brother Counsel's brief but is ours, lays out exactly what's happened here. In supports, we also are asking that you reverse the district court on our motion for attorney's fees because we properly filed Rule 11 and we asked the court under ERISA for fees and we believe that we've met all of the elements. And I know this has been a review. You're saying that both companies are out of business now? Correct. And have been for how long? About two years now. And what's the theory? Who's being sued here? They were and the owner, Andrea Bertschich. So they're now trying to get a judgment, I guess, against the owner if the others are out of business. Is that right? I don't know. I mean, honestly, we're having to guess at all these things because we don't have anything laid out in the complaint. Well, what is it about the filing or the conduct of this litigation that you believe rises to the level of justifying Rule 11 sanctions? I mean, you said that you told them something early on and they still filed this, but it's a pretty high bar for that Rule 11 relief. The Rule 11 relief was we said back in January of 2013, you don't have any facts to support your complaint. As I said, this dismissal by the judge at the end of 2013 was not a surprise attack by my clients or by me in any way. We had been saying since January, you have no evidence. Okay, but the district court heard that argument. Right. And ruled against you. Yes, they did. So why was the district court erroneous in that ruling? Because under Rule 11, when you ask the court to have it withdrawn and they don't withdraw it, you can seek the sanctions. I guess it's been a long morning and I apologize if I don't understand the question. So the court was erroneous in the attorney's fees matter because they didn't assess the case based on Rule 11. They just simply said there's no basis for sanctions. And under Rule 11, as we laid out in our brief in some great detail, and I know that it was lengthy, there are certain requirements that a party needs to meet in order to ask for the sanctions and there's certain entitlement to it after one meets those requirements. And we feel that we've done all that here. The only argument that's been issued that has come back is that, well, it should have been a separate pleading from that of asking for attorney's fees under Section 1927 or under ERISA itself. And there's no requirement in the circuit that it be that way. Are there any questions that I can answer? At what point did your client go out of business? I think you said a couple of years. Yes. It was at the end of 2012. I'm sorry. Now I'm getting confused. At the end of 2011, they began to wind things down in the beginning of 2012. So was the last audit completed as they were winding down? The last audit was completed as they were winding down. That is correct. But that's not really in the record. Not that they were winding down, no. I mean that the audit was done. It is in the record. It was part of the documentary evidence. That's why I gave you the citation. Well, I understand that. But we're not considering the document. I mean the record that is pertinent to the motion dismissed doesn't include all that extraneous stuff unless we say that it's proper to consider some of it. And your position is that none of it meets the standard that exists for documents that are not included, for things that are not included in the complaint to be considered in connection with the motion to dismiss. The way that we know it happened, Judge Gibbons, is a document that was attached to the complaint. So it would be part of it. Okay, so it was attached. There was a document attached to the complaint, a letter which said, we've conducted the audit and we'd like some additional documents. So that letter supports the fact that the audit took place. And that was attached by the plaintiffs to their complaint. Okay, got it. Thank you. No, I apologize. Thank you. Judge Stone, did I answer your question or did I? Okay, good. Good. I've been listening very carefully to everybody today. I want to make sure I answer every question. And, you know, for the Rule 11, it says that Rule 11 sanctions may be awarded only if the fund's conduct in the litigation was objectively unreasonable. You say it was because you notified them early on and they still proceeded with the litigation. Or if the funds did not have a reasonable basis for making their claim, you say their basis was not reasonable because, again, they made the claim in the face of the knowledge that you provided to them. Correct. So I've got you. Okay, good. Thank you very much. So the procedural history of this case doesn't show that we've done anything wrong or we hid something or new counsel did something different. We laid out the reasons to dismiss the first time around. The court gave them a chance to amend. They didn't fix it. And the court dismissed the second time. They're basically saying to you, give us several times to amend until we get it right. And that's not the basis of a rule. I mean, a lot of courts don't give you more than one chance. They've had two chances here. So they shouldn't have a third chance and a fourth chance and a fifth chance. Excuse me. In this case, the requisite factual elements have to be pled. The rule is that the requisite factual elements have to be pled for a legal claim to be plausible, and I think that's the language that you used, Judge Donald. And in here, there isn't enough facts to make it plausible. Simply to recite the elements, you're this, you're that. You've made that argument. We understand that. Oh, thank you, Your Honor. If there's not any questions, then I'll be glad to sit down. Thank you. One of the reasons we do an audit, regardless of whether the company is in business or not. Don't we get a judgment from the individual owner now? We're seeking that. Because the employees who work for this company, if benefits were not paid on their behalf, they're still guaranteed some of those benefits, and the fund guarantees those benefits. But if we don't know the hours that the employees worked, we can't provide those benefits to the men and women working, performing the work. Audits would not, I mean, you don't expect an audit, for example, to produce money from the defendants. You expect it to produce information. Information you could use in knowing how much employees are owed. That's one of the things. We also expect, we pursued and pled claims for Michigan Builders Trust Fund violation, and ERISA fiduciary liability violations, which is working on a project and not paying all the benefits or paying all the labor. These companies are apparently defunct. Right, those would be individual claims against the owner. So do you have any viable claims against the corporations? Yes, we have claims against corporations for the unpaid benefits. Like I said, we have three different types of claims. We have the all-three-year-old claim. I understand you might have a theoretical claim. Do you have, I mean, are these companies, if they're not doing business, do you have, I mean, what are your reasonable expectations for the lawsuit? Well, we hope to get a judgment against the companies and the owner to pursue that, to find out if this company perhaps is still in business or perhaps instantly started up a new business with the same employees and a successor. We don't know until we find out. But we need to determine what benefits the people are entitled to. We've never been provided with the audit. We filed a claim for the company. Do you dispute that an audit was done at about the time they were shutting down? Yes, I do. They've been audited several times, not every year. We typically audit about every three years. We ask for their books and records. Do you dispute that there was a document attached to your complaint that indicated an audit had just been completed, I think in early 2012? I do dispute that. The only thing attached to the complaint was our demand letter seeking production of the books and records and perhaps a letter from the auditor also seeking the same records. Counsel, just a quick question. Your adversary says that there was information provided to you five months, I believe, prior to this litigation that, in her opinion, obviated the need for this. And for that reason, she says that she ought to be entitled to attorney's fees and sanctions under Rule 11. Now, I know that the judge went through and applied some factors and came to a different conclusion, but I do want to hear your statement on the record as to what information you were provided five months before that should have had bearing on your decision to file or not file this complaint. The only information we were provided with was information that we attached as our additional evidence to the record when we did discovery prior to the Counsel's involvement in the case, which indicated that they were operating an alter ego operation. The only thing we received was a letter saying they're not alter egos, drop your lawsuit. Well, we had done some discovery, and we knew they were operating as an alter ego. I think if you look at the additional evidence, it's hard to dispute their operating as an alter ego based on the correspondence specifically relating to that one job. In addition, the funds did an investigation before bringing this lawsuit. We spoke with an employee who told us what was going on. We sent out a business agent who looked at the job sites to determine that that was what was happening. But, you know, your complaint doesn't. The complaint doesn't lay out all the facts. We have pled our alter ego claims this way and survived 12 v. 6 motions. We're obviously going to put more meat to them going forward. But we had enough information to believe we have a plausible claim and to go forward with it. There certainly wasn't anything underhanded by bringing this lawsuit. Anything further? No. All right. We appreciate the argument both of you have given, and we'll consider the case carefully.